IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ORLANDRUS KELLY** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY DEMAND** |
| | § | |
| **TEXAS STATE TECHNICAL** | § | |
| **COLLEGE** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964", 42 U.S.C. § 2000e et. seq. and 42 USC § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by 42 U.S.C. Section 2000e et.seq., providing for relief against discrimination in employment.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

3. Venue is proper in the Court pursuant to 28 U.S.C. § 1391 in that the Plaintiff is a resident of the district, the Defendant is doing business in this district, and the activities giving rise to the Plaintiff's claim took place in this district.

4. The company has continuously and does now employee more than fifteen (15) persons.

5. Since at least January 1, 2010, the company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

6. Within 180 days of the occurrence of the acts of which Plaintiff complains, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff herein on or about December 10, 2010 against the company.

7. On September 27, 2012, Plaintiff received a "Notice of Right to Suit" from the Texas Commission on Human Rights acting as the investigative agency for the EEOC regarding this charge of discrimination EEOC #846-2010-49652, and a civil action is now instituted in the appropriate Federal District Court within ninety (90) days of the date the receipt of said notice.

## PARTIES

8. Plaintiff, ORLANDRUS KELLY, is an individual residing in Navarro County, Texas.

9. Defendant, TEXAS STATE TECHNICAL COLLEGE ("TSTC") has continuously been and is now a college operating in Marshall, Texas. Defendant's President is Randall Wooten, where process may be forwarded.

## CLAIM FOR RELIEF

10. Plaintiff was employed by TSTC in Marshall, Texas as the Coordinator for Student Activities.

11. Plaintiff filed a charge of discrimination against TSTC on December 1, 2010 complaining of racial discrimination in the workplace against him and other African-American employees. (See: Ex A – Charge of Discrimination)  Plaintiff performed his duties successfully as an employee of the Defendant up to the date of her termination.

12. After Plaintiff filed his charge of discrimination, he began to be more closely scrutinized by his supervisor in a discriminatory fashion.

13. On March 29, 2011, Plaintiff was terminated. He filed a grievance with TSTC regarding his termination, which was denied.

14. Plaintiff was an African-American employee of TSTC.  At all time relevant hereto, Plaintiff was discriminated against by Defendant with respect to compensation, terms, conditions, privileges, and opportunities of employment and has been subject to those illegal acts, practices, and conduct

alleged in this Complaint.

15. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff, as an African-Amercan by *inter alia*:

    (a) Failing to equalize conditions of employment for Plaintiff as contrasted with non-African-American employees;

    (b) Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of non-African-American employees;

    (c) Failing to promote Plaintiff to a higher and better paying position in the same manner and at the same rate as comparably trained and qualified non-African-American employees;

    (d) Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified non-African-American employees;

    (e) Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of non-African-American employees.

    (f) Retaliating against Plaintiff for filing a charge of discrimination with the EEOC

16. Plaintiff would show the court that he has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

17. Plaintiff would further show the court that he is entitled to recover punitive damages for Defendant's intentional and malicious acts in subjecting him to the acts of discrimination and retaliation which were committed by Defendant.

18. Defendant intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discriminating against Plaintiff on the basis of her pregnancy. Plaintiff has suffered

extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's treatment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against Defendant and in favor of Plaintiff:

(a) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination and retaliation on the basis of his race;

(b) Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position;

(c) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(d) Enjoin TSTC from any further prohibited discrimination against Plaintiff;

(e) Award Plaintiff his attorney fees, including litigation expenses, and the cost of this action; and

(f) Grant such other and further relief as may be just and proper.

Respectfully submitted,

___/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
WILLIAM S. HOMMEL, JR., P.C.
1347 Dominion Plaza
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF